M-08-630

CK:SA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

            AFFIDAVIT IN SUPPORT
            OF AN ARREST WARRANT

- against -

            (18 U.S.C. § 1029)

ROBERT ALLEN,

        Defendant.

- - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      Joseph Wisneski, being duly sworn, deposes and states that he is a Postal Inspector with the United States Postal Inspection Service, duly appointed according to law and acting as such.

      Upon information and belief, between July 2007 and June 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT ALLEN did knowingly and with intent to defraud, effect transactions, with one or more access devices issued to another person or persons, to receive payment or any other thing of value during any one-year period the aggregate value of which is equal to or greater than $1,000.

      (Title 18, United States Code, Section 1029(a)(5)).

      The source of your deponent's information and the grounds for your deponent's belief are as follows:

2

1. I have been a Postal Inspector with the United States Postal Inspection Service for approximately one and a half years. I am currently assigned to the Western Nassau External Crimes Team, and have participated in numerous investigations related to credit card fraud. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of an arrest warrant, it does not include all the facts that your affiant has learned during the course of his investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Except as explicitly set forth below, your affiant has not distinguished herein between facts of which he has personal knowledge and facts as to which he has hearsay knowledge.

2. Between July 2007 and June 2008, both dates being approximate and inclusive, the defendant, ROBERT ALLEN, has engaged in a scheme by which he made purchases of merchandise or gift cards at various locations in Brooklyn, New York and elsewhere utilizing fraudulent credit cards. As part of that scheme, I know that the defendant ROBERT ALLEN would use a fraudulent credit card or credit cards printed in his name but, magnetically encoded with the credit card number of other individuals. I also know that those individuals did not give the

defendant ROBERT ALLEN permission to use their credit cards or credit card numbers during such transactions.

    3.    Specifically, I know that on August 31, 2007, at approximately 10:54 a.m., the defendant ROBERT ALLEN purchased approximately $1,929.06 worth of merchandise or gift cards at a Sears located at 5200 Kings Plaza in Brooklyn, New York using a fraudulent credit card magnetically encoded with another person's credit card number ending in 3743.  I know this, in part, because I have reviewed the following: (1) a receipt signed in the name of ROBERT ALLEN and generated in connection with the transaction reflecting that the defendant ROBERT ALLEN purchased $1929.06 worth of merchandise or gift cards utilizing a credit card number ending in 3743; (2) a transaction report generated by Sears regarding same; (3) a surveillance video tape of the defendant ROBERT ALLEN in the store at the time of the transaction; and (4) a signed affidavit indicating that the valid credit card associated with the credit card number ending in 3743, and used by the defendant ROBERT ALLEN, was in the possession of the authorized owner at the time the fraudulent transaction occurred.

    4.    I also know that on September 4, 2007, at approximately 8:09 p.m., the defendant ROBERT ALLEN purchased approximately $2,134.98 worth of merchandise or gift cards at a Sears located at 5200 Kings Plaza in Brooklyn, New York using a fraudulent credit card magnetically encoded with another person's

credit card number ending in 8651. I know this, in part, because I have reviewed the following: (1) a receipt signed in the name of ROBERT ALLEN and generated in connection with the transaction reflecting that the defendant ROBERT ALLEN purchased $2,134.98 worth of merchandise or gift cards utilizing a credit card number ending in 8651; (2) a transaction report generated by Sears regarding same; (3) a surveillance video tape of the defendant ROBERT ALLEN in the store at the time of the transaction; and (4) a signed affidavit indicating that the valid credit card associated with the credit card number ending in 8651, and used by the defendant ROBERT ALLEN, was in the possession of the authorized owner at the time the fraudulent transaction occurred.

5. I also know that on September 9, 2007, at approximately 1:51 p.m., the defendant ROBERT ALLEN purchased approximately $3,451.72 worth of merchandise or gift cards at a Sears located at 5200 Kings Plaza in Brooklyn, New York using a fraudulent credit card magnetically encoded with another person's credit card number ending in 4922. I know this, in part, because I have reviewed the following: (1) a receipt signed in the name of ROBERT ALLEN and generated in connection with the transaction reflecting that the defendant ROBERT ALLEN purchased $3,451.72 worth of merchandise or gift cards utilizing the credit card number ending in 4922; (2) a transaction report generated by Sears regarding same; (3) a surveillance video tape of the

5

defendant ROBERT ALLEN in the store at the time of the transaction; and (4) a signed affidavit indicating that actual valid credit card associated with the credit card number ending in 4922, and used by the defendant ROBERT ALLEN, was in the possession of the authorized owner at the time the fraudulent transaction occurred.

6.   I also know that on September 18, 2007, at approximately 12:45 p.m., the defendant ROBERT ALLEN purchased approximately $3,459.68 worth of merchandise or gift cards at a Sears located at 195 North Broadway, Hicksville, NY 11801 using a fraudulent credit card magnetically encoded with another person's credit card number ending in 1411. I know this, in part, because I have reviewed the following: (1) a receipt signed in the name of ROBERT ALLEN and generated in connection with the transaction reflecting that the defendant ROBERT ALLEN purchased $3,459.68 worth of merchandise or gift cards utilizing the credit card number ending in 1411; (2) a transaction report generated by Sears regarding same; (3) a surveillance video tape of the defendant ROBERT ALLEN in the store at the time of the transaction; and (4) a signed affidavit indicating that the valid credit card associated with the credit card number ending in 1411, and used by the defendant ROBERT ALLEN, was in the possession of the authorized owner at the time the fraudulent transaction occurred.

7. I also know that on November 19, 2007, at approximately 11:37 a.m., the defendant ROBERT ALLEN purchased approximately $4,779.48 worth of merchandise or gift cards at a Sears located at 195 North Broadway Hicksville, NY 11801 using a fraudulent credit card magnetically encoded with another person's credit card number ending in 8790. I know this, in part, because I have reviewed the following: (1) a receipt signed in the name of ROBERT ALLEN and generated in connection with the transaction reflecting that the defendant ROBERT ALLEN purchased $3,459.68 worth of merchandise or gift cards utilizing the credit card number ending in 8790; (2) a transaction report generated by Sears regarding same; (3) a surveillance video tape of the defendant ROBERT ALLEN'S in the store and nearby around the time of the transaction; and (4) a signed affidavit indicating that the valid credit card associated with the credit card number ending in 8790, and used by the defendant ROBERT ALLEN, was in the possession of the authorized owner at the time the fraudulent transaction occurred.

8. Including the transactions detailed above, I know that the defendant ROBERT ALLEN has engaged in over a hundred such transactions utilizing the same or a similar scheme to defraud and involving fraudulent credit cards. I also know that the defendant ROBERT ALLEN has engaged in such transactions as early as July 10, 2007 and as recently as June 29, 2008. I

7

estimate that, as a result of these transactions and his use of fraudulent credit cards, the defendant ROBERT ALLEN has fraudulently acquired over $500,000 worth of merchandise or gift cards.

WHEREFORE, your deponent respectfully requests that the defendant ROBERT ALLEN be dealt with according to law.

JOSEPH WISNESKI
Postal Inspector
U.S. Postal Inspection Service

Swo
25t

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK